## Metcalf v. Metcalf.

March 22, 1946.

A. D. Hall for appellant.

Roy W. House and Chas. C. Smith for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The judgment entered in this case for divorce by Odus Metcalf against Demie Clark Metcalf recites that the record shows the defendant to be a woman of low mentality, and when the suit was filed and continuing thereafter she had a committee appointed by the Clay County Court, and that, although the attention of counsel had been called to this defect, there was no effort made to make the committee a party to the action. Therefore, the petition was dismissed.

On the appeal by the husband he undertakes to get around this defect by saying that there was no sufficient plea of insanity or competent proof of the appointment

of a committee, since no copy of the order appointing a committee was introduced. In the course of the answer and counterclaim (seeking only alimony), the defendant stated that she had been "placed under a committee by order of court so that the plaintiff could not dissipate her property." There is oral evidence to the same effect. It was not necessary that there should be a plea of mental incapacity. The law is designed to protect the weak and the courts have inherent power and are in duty bound to protect the rights and interests of insane or incompetent litigants. Ward's Committee v. Kimbel, 222 Ky. 517, 1 S. W. 2d 952. Whenever it appears in the record that a party to a suit is non sui juris, the court should take notice of that condition and pursue a course that will protect the rights of such a party. The court did so in this case.

Section 53, Civil Code of Practice, provides that, "if the defendant be a married woman of unsound mind, and her husband be plaintiff in the action, the summons must be served on her and her committee." Without such double service, the court had no jurisdiction and any judgment other than dismissal would have been void. Ramsey's Executor v. Ramsey, 233 Ky. 507, 26 S. W. 2d 37; Wilburn v. Wilburn, 296 Ky. 781, 178 S. W. 2d 585.

The judgment is affirmed.